UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEANNE M. HERMAN,

                Plaintiff,

   v.                                                **DECISION AND ORDER**
                                                                    07-CV-337S

NATIONAL ENTERPRISE SYSTEMS, INC.,
MICHAEL DOE, and RAYMOND DOE,

                Defendants.

      1.      Plaintiff commenced this case against Defendants on May 24, 2007, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. On July 9, 2007, this Court referred this matter to the Honorable Leslie G. Foschio, United States Magistrate Judge, for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket No. 7.)

      2.      On December 7, 2007, Defendant National Enterprise Systems, Inc. ("NES") filed a Motion to Amend/Correct its answer to add additional affirmative defenses. (Docket No. 14.) Plaintiff cross-moved on January 2, 2008, to strike certain of NES's affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. (Docket No. 16.) On September 10, 2008, Judge Foschio filed a combined Report & Recommendation and Decision & Order addressing both motions.[1] (Docket No. 41.)

---

[1] On a procedural note, this Court did not initially grant Judge Foschio authority to report on dispositive motions under 28 U.S.C. § 636(b)(1)(B) and (C). (See Docket No. 7.) Judge Foschio determined, however, that given the related nature of the motions, judicial economy was best served by issuing a combined Decision & Order and Report & Recommendation. (See Docket No. 41, n.1.) No party has objected on procedural grounds. Accordingly, this Court will grant Judge Foschio authority to hear and report on Plaintiff's cross motion *nunc pro tunc* to July 9, 2007. See 28 U.S.C. § 636(b)(1)(B) and (C).

3. By Decision & Order, Judge Foschio granted in part, denied in part, and dismissed as moot in part, NES's Motion to Amend/Correct its Answer. Neither side appealed Judge Foschio's decision to this Court.

4. By Report & Recommendation, Judge Foschio recommended that Plaintiff's cross-motion to strike certain of NES's affirmative defenses be granted in part, denied in part, and dismissed as moot in part. On September 23, 2008, NES filed objections to two recommendations in Judge Foschio's Report and Recommendation. (Docket No. 45.) NES objects to Judge Foschio's recommendation that its standing and proper party affirmative defenses be stricken from its answer. Briefing on NES's objections concluded on October 21, 2008, at which time this Court took the matter under advisement. (Docket Nos. 48, 49.)

5. Rule 12(f) of the Federal Rules of Civil Procedure authorizes courts to strike insufficient defenses from an answer. But courts "should not tamper with the pleadings unless there is a strong reason for doing so." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d Cir. 1976). Motions to strike affirmative defenses are therefore not favored in this circuit and are denied "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp., 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds, 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986); see also Lennon v. Seaman, 63 F.Supp.2d 428, 446 (S.D.N.Y. 1999) (Motions to strike "are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation."). To succeed on a Rule 12(f) motion to strike an affirmative defense, the plaintiff must establish that (1) no

question of fact exists that might allow the defense to succeed, (2) no substantial question of law exists that might allow the defense to succeed, and (3) it is prejudiced by inclusion of the defense. See Wyeth v. King Pharm., Inc., 396 F.Supp.2d 280, 293 (E.D.N.Y. 2005); County Vanlines, Inc. v. Experian Info. Solutions, Inc., 205 F.R.D. 148, 153 (S.D.N.Y. 2002).

6. At issue here is Plaintiff's attempt to strike NES's standing and proper party defenses. In short, Judge Foschio recommends that Plaintiff's motion be granted because the FDCPA applies to "any person who comes in contact with the proscribed debt collection practices," Sibersky v. Borah, et al., No. 99 CIV. 3227, 2000 WL 1448635, at *4 (S.D.N.Y. Sept. 28, 2000). (See Docket No. 41, at p. 15.) Thus, Judge Foschio determined that Plaintiff has standing under the statute.

7. In its objections, however, NES explains that its standing and proper party defenses are asserted to defend against any claims Plaintiff seeks to bring *on behalf of her son*, not against claims Plaintiff asserts on her own behalf. In fact, NES concedes that "Plaintiff has a right to bring a claim for any alleged damages that she may have suffered as a result of [NES's] collection attempts." (NES's objections, Docket No. 45, at p. 3.) Because "[f]ederal courts as a general rule allow litigants to assert only their own legal rights and interests, and not the legal rights and interests of third parties," Farrell v. Burke, 449 F.3d 470, 494 (2d Cir. 2006), NES's standing and proper party defenses may apply here, especially given the nature of the allegations that Plaintiff's son was injured by NES's collection efforts. Accordingly, this Court finds that factual and legal issues exist in this litigation that may allow NES's standing and proper party defenses to succeed. Moreover, Plaintiff has not identified any prejudice from inclusion of these defenses in NES's answer.

3

This Court therefore declines to accept Judge Foschio's recommendation and will instead deny Plaintiff's Rule 12(f) motion as it relates to NES's standing and proper party defenses.

8. This Court has thoroughly reviewed the remainder of Judge Foschio's Report & Recommendation. Upon due consideration, this Court will accept the remaining recommendations for the reasons stated and under the authority cited therein.

IT HEREBY IS ORDERED, that this Court REFERS Plaintiff's cross motion (Docket No. 16) to Judge Foschio pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) *nunc pro tunc* to July 9, 2007.

FURTHER, that Defendant NES's Objections (Docket No. 45) to Judge Foschio's Report & Recommendation (Docket No. 41) are GRANTED.

FURTHER, that this Court DECLINES TO ACCEPT Judge Foschio's recommendation that Plaintiff's cross motion to strike NES's standing and proper party affirmative defenses be granted, and instead, DENIES that portion of Plaintiff's cross motion (Docket No. 16).

FURTHER, that this Court ACCEPTS the remaining portion of Judge Foschio's Report & Recommendation (Docket No. 41) in its entirety, including the authorities cited and the reasons given therein.

FURTHER, that Plaintiff's cross motion (Docket No. 16) is granted in part, denied in part, and dismissed as moot in part consistent with this Order and Judge Foschio's Report & Recommendation.

SO ORDERED.

Dated: June 26, 2009
       Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge