UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEANNE M. HERMAN,

               Plaintiff,

v.

**DECISION AND ORDER**
07-CV-337S

NATIONAL ENTERPRISE SYSTEMS, INC.,
MICHAEL DOE, and RAYMOND DOE,[1]

               Defendants.

1.     Plaintiff commenced this action against Defendants on May 24, 2007, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq. On November 10, 2008, Defendant National Enterprise Systems, Inc. ("NES") moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Docket No. 50.) Plaintiff filed her response in opposition on December 15, 2008. (Docket No. 52.) Familiarity with the facts and arguments is presumed. For the following reasons, Defendants' motion is denied in part and denied as moot in part.

2.     Summary Judgment is warranted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003). A fact is material if it "might affect the outcome of the suit under governing law." Anderson, 477 U.S. at 248.

---

[1] Defendants Michael Doe and Raymond Doe have not appeared in this action.

3.      The party seeking summary judgment must first demonstrate the absence of any disputed material facts.  The opposing party is then required to "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); Holcomb v. Iona College, 521 F.3d 130, 137 (2d Cir. 2008).  To carry this burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts," Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), and it "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible . . . or upon the mere allegations or denials of the adverse party's pleading," Goenaga v. March of Dimes Birth Defects Found., 51 F.3d 14, 18 (2d Cir. 1995) (internal quotation and citations omitted).

4.      In assessing whether summary judgment is appropriate, the court's obligation is to view the evidence and the inferences drawn from the evidence "in the light most favorable to the party opposing the motion." Adickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S.Ct.1598, 1609, 26 L.Ed.2d 142 (1970).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).

5.      Having thoroughly reviewed NES's motion and Plaintiff's opposition thereto, this Court finds that NES is not entitled to summary judgment.  First, NES has failed to

comply with the Local Rule requiring that a Statement of Undisputed Facts be filed with any motion seeking summary judgment. Local Rule 56.1(a), provides as follows:

> Upon any motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

6. NES's failure to file a Statement of Undisputed Facts is not only a procedural error, but a substantive one as well. Without a Statement of Undisputed Facts and a response thereto, this Court cannot determine whether any material issues of fact exist, as required by Rule 56 of the Federal Rules of Civil Procedure. Although NES's memorandum of law contains a brief statement of facts (a single paragraph), it is drawn from the Complaint, not the record evidence. In addition, NES failed to respond to Plaintiff's 80-paragraph Statement of Disputed Facts. Accordingly, NES has not demonstrated the absence of disputed issues of material fact.

7. Next, this Court finds that NES is not entitled to summary judgment on Plaintiff's intentional infliction of emotional distress claim. To succeed on a claim of intentional infliction of emotional distress, a plaintiff must prove the following elements:

(1) Extreme and outrageous conduct;
(2) Intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress;
(3) A causal connection between the conduct and injury; and
(4) Severe emotional distress.

Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999) (citing Howell v. New York Post Co., Inc., 612 N.E.2d 699, 702, 81 N.Y.2d 115, 121 (1993)); see also Walker v. New York City

Transit Auth., No. 99 CIV. 3337(DC), 2001 WL 1098022 (S.D.N.Y. Sept. 19, 2001). Liability can be found only where the conduct alleged is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Howell, 81 N.Y.2d at 122; see also Murphy v. Am. Home Prods. Corp., 448 N.E.2d 86, 58 N.Y.2d 293 (1983).

8. NES argues that it is entitled to summary judgment because the conduct Plaintiff alleges does not rise to the level of extreme and outrageous behavior necessary to support a finding of intentional infliction of emotional distress. It also contends that Plaintiff cannot establish that NES caused the mental anguish she claims to have suffered because Plaintiff had preexisting conditions.

9. In light of NES's failure to demonstrate the absence of disputed issues of material fact, and given the facts of this case, which include daily harassing telephone calls to the non-debtor Plaintiff over a 5-month period, multiple insults regarding her fitness as a mother, insults directed at her son's military service, false representations concerning her criminal liability, unauthorized withdrawals from the checking account, and other false representations, this cannot conclude that Plaintiff's intentional infliction of emotional distress claim fails as a matter of law. (Plaintiff's Rule 56 Statement of Disputed Facts ("Plaintiff's Statement"), ¶¶ 16-21, 26-41.) Moreover, this Court finds that Plaintiff has presented sufficient evidence to support her claims for emotional damages. Plaintiff presents not only her own testimony that NES's conduct caused her to suffer emotional distress (or exacerbated her preexisting condition), but also the testimony of her son, husband, and treating physicians, including her psychologist. (Plaintiff's Statement, ¶¶ 29-37, 39, 45, 48-74.) NES does not rebut this evidence in any way. Consequently, this Court

finds that, at a minimum, Plaintiff raises a disputed issue of material fact, and thus, this Court cannot conclude that Plaintiff's claim is precluded as a matter of law. NES is therefore not entitled to summary judgment.

10. Finally, NES seeks summary judgment on any claims for damages that Plaintiff asserts on behalf of her son, Michael G. Herman, Jr. Plaintiff maintains, however, that she is not bringing any claims for damages on behalf of her son. (Plaintiff's Memorandum of Law, Docket No. 52, p. 13.) Rather, Plaintiff seeks to recover damages that *she* suffered as a result of NES's conduct, which includes the emotional distress *she* suffered from knowing that her interaction with NES caused her son to become upset. (Id.) Consequently, because Plaintiff does not assert any claims on behalf of her son, NES's request for summary judgment on such claims is denied as moot.

IT HEREBY IS ORDERED, that Defendant NES's Motion for Summary Judgment (Docket No. 50) is DENIED in part and DENIED AS MOOT in part.

FURTHER, that counsel shall appear for a status conference before this Court on July 28, 2009 at 9:00 a.m. to discuss how this case will proceed.

SO ORDERED.


Dated: June 26, 2009
       Buffalo, New York


                                        /s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge